## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No: 15-00071-BAJ-SCR** |
| versus | : | |
| **CARLOS LINARES** | : | **JUDGE BRIAN JACKSON** |

## ADOPTION AND OBJECTION TO THE UNTIED STATES' "SUGGESTED PATTERN FIFTH CIRCUIT JURY INSTRUCTIONS" AND "REQUESTED JURY INSTRUCTIONS"

## AND

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

The defendant, Carlos Linares, through undersigned counsel, adopts and objects to the United States' suggested pattern Fifth Circuit jury instructions and requested jury instruction.

And further, requests the following jury instructions, in addition to the concurrently filed adoption and objection to the United States' requests.

The defendant specifically reserves the right, as allowed by this Court, to supplement his requested jury instructions, with at the least a proposed instruction related to Count 2 of the Indictment.

The defendant further requests leave of Court to request such other jury instructions as may become appropriate prior to and during the trial.

Respectfully submitted, this 15th day of January, 2016, at Baton Rouge, Louisiana.

s/ Jarrett P. Ambeau
Jarrett P. Ambeau
Bar Roll Number: 32089
**THE AMBEAU LAW FIRM, LLC**
758 Royal Street
Baton Rouge, Louisiana 70802
Telephone: (225) 395-0794
Facsimile: (225) 343-5018

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | Case No: 15-00071-BAJ-SCR |
|---|---|---|
| versus | : | |
| CARLOS LINARES | : | JUDGE BRIAN JACKSON |

## ADOPTION AND OBJECTION TO THE UNTIED STATES' "SUGGESTED PATTERN FIFTH CIRCUIT JURY INSTRUCTIONS" AND "REQUESTED JURY INSTRUCTIONS"

## AND

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

NOW INTO COURT, through undersigned counsel, comes defendant herein, **CARLOS L. LINARES**, who respectfully represents:

1.

The defendant, Carlos Linares, through undersigned, counsel specifically reserves the right to object, or offer any suggested additions or changes, to the jury instructions during trial in this matter.

2.

The defendant, Carlos Linares, through undersigned, counsel agrees and adopts the United States' "SUGGESTED PATTERN FIFTH CIRCUIT JURY INSTRUCTIONS", numbered;

1.03    INTRODUCTION TO FINAL INSTRUCTIONS

1.04    DUTY TO FOLLOW INSTRUCTIONS

1.05    PRESUMPTION OF INNOCENCE, BUDEN OF PROOF, REASONABLE DOUBT

1.06    EVIDENCE-EXCLUDING WHAT IS NOT EVIDENCE

1.07    EVIDENCE- INFERENCES- DIRECT AND CIRCUMSTANTIAL- ALTERNATIVE B

1.08    CREDIBILITY OF WITNESS

1.18    ON OR ABOUT

1.19    CAUTION- CONSIDER ONLY CRIME CHARGED

1.20    CAUTION- PUNISHMENT

1.21    SINGLE DEFENDANT – MULTIPLE COUNTS

1.24    DUTY TO DELIBERATE-VERDICT FORM

1.25    UNANIMITY OF THEORY

1.37    "KNOWINGLY" – TO ACT

1.38    "WILLFULLY" – TO ACT

1.42    CAUTIONARY INSTRUCTION DURING TRIAL- TRANSCIPT OF TAPE RECORDED CONVERSATION

1.43    SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

1.44    SUMMARIESW AND CHARTS RECEIVED IN EVIDENCE

2.06    AIDING AND ABETTING (AGENCY)

3.

The defendant, Carlos Linares, through undersigned, counsel objects the United States' "SUGGESTED PATTERN FIFTH CIRCUIT JURY INSTRUCTIONS", specifically as follows;

**1.10    IMPEACHMENT BY PRIOR INCONSISTENCIES**

Insofar as the defense has no idea if either party will impeach any witness in the trial of this matter with a prior statement, the defense objects to the inclusion of this instruction, except as would be applicable in the case of an impeachment using a prior statement during the trial.[1]

**1.26    CONFESSION-STATEAMENT-VOLUNTARINESS**

The defense objects to use of the word "confession" in any context, as there has been no assertion that a confession of any kind exists in this matter.

**1.30    SIMILAR ACTS**

Insofar as the United States has not provided any evidence of "similar acts" in this case, the defense objects to the inclusion of this instruction, except as would be applicable in the case of such evidence being admitted during the trial.

**1.37A  DELIBERATE IGNORANCE**

The defendant objects to the inclusion of this instruction as unfairly prejudicial and likely to lead to confusion of the jury.

It has been held that this instruction should be used sparingly, and that it should be used in this manner because if the inherent danger in confusing the jury, and convicting a defendant without finding that the defendant was aware of the existence of illegal conduct. It therefore creates a risk that the jury might convict on a lesser negligence standard.[2]

Additionally, if the conduct at question is "otherwise innocent", as is the case with check cashing, then the knowledge requirement applies to each element of the crime[3], and this instruction further misleads the jury in dismissing the knowledge requirement for elements of the

---

[1] Fed. R. Evid. 613 & Fed. R. Evid. 801(d)(1); and United States v. Cisneros-Gutierrez, 517 F.3d 751, (5th Cir., 2008).
[2] U.S. v. Vasquez, 677 F.3d 685 (5th Cir., 2008); *citing* U.S. v. Ojebode, 957 F.2d 1218 (5th Cir., 1992).
[3] Id.; *citing* U.S. v. Ahmad, 101 F.3d 386 (5th Cir., 1996).

crime for which they ascribe 'deliberate ignorance'.

Lastly, it has been held in Vasquez, cited earlier, that the inclusion of the "deliberate ignorance" instruction requires the government to show evidence,

> …that the defendant (1) was subjectively aware of a high probability of the existence of the illegal conduct, and (2) purposefully contrived to avoid learning of the illegal conduct.[4]

Which standard the defense would assert would require a determination during the course of trail.

In the alternative, if the Court would allow the inclusion of this instruction, and without abandoning the objection above, the defense specifically requests a 'balancing' instruction, as follows;

> "Deliberate ignorance does not lessen the government's burden to show, beyond a reasonable doubt, that the knowledge elements of the crimes have been satisfied; nor is it intended to criminalize merely negligent conduct."

4.

The defendant, Carlos Linares, through undersigned, counsel objects the "UNITED STATES' REQUESTED JURY INSTRUCTION NO. 1", as follows;

The inclusion of the term "embezzle" is not applicable in this particular case and should not be included in the instruction as to Count 1 of the indictment. As defined in Title 18, United States Code, Section 641, to "embezzle" requires that the "money, property, or thing of value of another" **lawfully** come within the possession or control of the person taking it.[5] The specific assertion of the United States in this matter, as will be clear in the trial, is that none of the parties

---
[4] Id.; *citing* U.S. v. Medoza-Medina, 346 F.3d 121 (5th Cir., 2003).
[5] Title 18, United States Code, Section 641 (2004).

to the transactions at issue are **lawfully** in the possession of the checks cashed.

Therefore, the term "embezzle' is by definition inapplicable, and should be removed from the instruction in each instances, along with the definition thereof.

In addition, the defense objects to the two sentences related to location of property stolen, beginning with, "Any appreciable change in the location…". There will be no assertion that anything of value was taken to a different location, or was moved in any way, in relation to the transactions at issue in this matter. Accordingly, these portions of the pattern jury instruction should be removed.

5.

The defendant, Carlos Linares, through undersigned, counsel objects the "UNITED STATES' REQUESTED JURY INSTRUCTION NO. 2", in its entirety, as not an accurate statement of the applicable portions of the United States Code and/or Regulations.

The defense will confer with the United States attorney early next week to make an effort at agreeing on a jury instruction related to "Count 2" of the indictment.

6.

The defendant, Carlos Linares, through undersigned, counsel objects the "UNITED STATES' REQUESTED JURY INSTRUCTION NO. 3", as follows;

The instruction as written expands the possible criminal conduct to otherwise innocent activity, without the requirement that the activity be "corrupt" as required in 18 USC 1505. When the Unites States in the suggested instruction states that the, "…key word in the statute is 'endeavor'", and further asserts that, "…endeavor' means any effort or any act…", this assertion effectively removes the concept in the statute that inheres criminal liability – corruption. The applicable section of 18 USC 1505, the second paragraph, begins with, "Whoever corruptly…",

to exclude this portion of the statute, the knowing and dishonest intent to, "…influence, obstruct, or impede…", is to rewrite the criminal intent necessary in the statute itself. All references to endeavor should be removed from the proposed instruction, and the term corruptly should be defined as referenced in the 5th Circuit Pattern Jury Instructions, No. 265, related to 18 USC 1503(a), in that the jury should have to find that the defendant's act, "…was done "corruptly", that is, the defendant acted knowingly and dishonestly, with the specific intent…", to influence, obstruct or impede….[6]

The defendant's proposed jury instruction related to "Count 3" and "Count 4" is attached.

7.

The defendant, Carlos Linares, through undersigned, counsel objects the "UNITED STATES' REQUESTED JURY INSTRUCTION NO. 4", only insofar as there has been no indication what other civil regulatory scheme the defendant violated, and would reserve the right to concur or object to this particular instruction during the trial of this matter.

8.

The defendant, Carlos Linares, through undersigned, counsel does not object to the "UNITED STATES' REQUESTED JURY INSTRUCTION NO. 5".

       s/ Jarrett P. Ambeau_____
       Jarrett P. Ambeau
       Bar Roll Number: 32089
       **THE AMBEAU LAW FIRM, LLC**
       758 Royal Street
       Baton Rouge, Louisiana 70802
       Telephone: (225) 395-0794
       Facsimile: (225) 343-5018

---

[6] *See* Arthur Anderson LLP v. U.S., 544 U.S. 696 (2005).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

## OBSTRUCTION OF A FEDERAL PROCEEDING (COUNTS 3 AND 4)

Title 18, United States Code, Section 1505 makes it a crime for anyone to corruptly influence, obstruct, or impede the due a proper administration of the law under which any pending proceeding is being had before any department or agency of the United States. For you to find the defendant guilty of this crime, as charged in Counts Three and Four of the Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First,* that on or about the dates set for in the Indictment, a proceeding was pending before any department or agency of the United States; and

*Second,* that the defendant knew that a proceeding was pending before an agency of the United States; and

*Third,* that the defendant acted to influence, obstruct or imped the due and proper administration of the law under which the proceeding was being conducted; and

*Fourth,* that the defendant's act was done "corruptly", that is, the defendant acted knowingly and dishonestly, with the specific intent to influence, obstruct or impede the due and proper administration of the law. [7]

---

[7] 5th Circuit Pattern Jury Instructions, No. 2.65 (related to 18 USC 1503(a)); and <u>Arthur Anderson LLP v. U.S.</u>, 544 U.S. 696 (2005).